FILED IN CHAMBERS
U.S.D.C ATLANTA

Date: Oct 05 2022

KEVIN P. WEIMER , Clerk

By: Sonya Nuckolls

Deputy Clerk

# United States District Court

NORTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

Charles Brown

**CRIMINAL COMPLAINT**

Case Number:  1:22-MJ-870

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief.  On or about May 16, 2022 in Fulton County, in the Northern District of Georgia, defendant did knowingly escape from custody under judicial process issued by a federal judge

in violation of Title 18, United States Code, Section 751.

I further state that I am a Deputy U.S. Marshal and that this complaint is based on the following facts:

PLEASE SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof.   Yes

*Matt Keown*

Signature of Complainant

Matt Keown

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it. Sworn to me by telephone pursuant to Federal Rule of Criminal Procedure 4.1.

October 5, 2022                                          at    Atlanta, Georgia

Date                                                                      City and State

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

Name and Title of Judicial Officer

AUSA Tyler A. Mann

tyler.mann@usdoj.gov

*Russell G. Vineyard*

Signature of Judicial Officer

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Matt Keown, being first duly sworn, hereby state as follows:

### AFFIANT BACKGROUND

1. I am an investigative or law enforcement officer of the United States, within the meaning of Title 18, United States Code, § 2510(7), that is, an officer of the United States who is empowered to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, § 2516.

2. I am employed as a Deputy United States Marshal with the United States Marshals Service (USMS) and have been so employed since 2015.  I am currently assigned to the USMS in the Northern District of Georgia.  My duties and responsibilities include, but are not limited to, fugitive apprehension, protecting federal judges, prisoner management, and serving court documents. Throughout my seven-year career as a Deputy U.S. Marshal, I have participated in and led numerous investigations relating to tracking and locating fugitives who violate federal and state law.  I am familiar with the methods and means individuals and organizations will use to escape and avoid law enforcement within the United States. One of my statutory duties is to investigate violations of Federal law, specifically Title 18 USC § 751, Prisoners in Custody of Institution or Officer.

3. This affidavit is submitted in support of a criminal complaint and arrest warrant charging Charles BROWN with Escape from Residential Reentry Center (RRC) at Dismas Charities, Inc. at 300 Wendell Court in Atlanta, Georgia.

## SOURCES OF INFORMATION

4.  The facts set forth in this affidavit are based on observations made by myself and other law enforcement officers participating in this investigation, and information obtained from other agents and witnesses, and may also be based on: (a) my training and experience, (b) reports and/or business records, (c) recorded conversations, and (d) communications with other individuals who have personal knowledge of the events and circumstances described herein. Since this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included in this affidavit every detail of the investigation.  Rather, I have set forth facts that I believe are sufficient to establish probable cause for the issuance of the requested arrest warrant. Unless specifically indicated otherwise, any conversations and statements described in this affidavit are related in substance and in part only.

## STATUTORY DEFINITION

5. 18 U.S.C. § 751- Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both; or if the custody or confinement is for extradition, or for exclusion or expulsion

proceedings under the immigration laws, or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined under this title or imprisoned not more than one year, or both.

## PROBABLE CAUSE

6. On July 13, 2016, Charles BROWN was transferred into the custody of the United States Marshal on a writ based on criminal indictment 1:16-CR-00285, charging Brown with Conspiracy to Distribute Heroin and Possession of Heroin with Intent to Distribute.

7. On February 28, 2017, after being found guilty and convicted in Criminal Indictment 1:16-CR-00285 of Conspiracy to Distribute Heroin and Possession of Heroin with Intent to Distribute, Charles BROWN was sentenced to serve 87 months in federal prison to be followed by five years of supervised release. BROWN was sentenced by the Honorable Steve C. Jones in the Northern District of Georgia.

8. On November 18, 2021, Charles BROWN was transferred from Federal Correctional Institution (FCI) La Tuna in Anthony, Texas to the Residential Reentry Center (RRC) Dismas Charities, Inc. at 300 Wendell Court in Atlanta, Georgia with a projected release date of November 5, 2022.

9. On May 16, 2022, at about 11:30 a.m., Charles BROWN was observed by RRC Assistant Director Robert Thomas walking out the front door of the facility with his personal belongings.  Assistant Director Thomas spoke with BROWN, who stated he was leaving the facility.  Assistant Director Thomas informed

BROWN his time at the RRC had not been completed and if BROWN left the RRC, BROWN would be considered escaped.  BROWN advised Assistant Director Thomas he was aware he would be considered escaped and continued to leave the RRC.  BROWN was last seen by Assistant Director Thomas placing his belongings into a small sport utility vehicle being driven by a female and leaving the area.

10. On May 16, 2022, at about 12:24 p.m., the United States Marshals Service was informed BROWN left the RRC and was escaped.

11. As of October 3, 2022, Charles BROWN had not been located and was still escaped.

## **CONCLUSION**

12. Based on my knowledge, training, experience, and the facts set for in this affidavit, I submit there exists probable cause to believe that BROWN escaped from the custody of the Federal Bureau of Prisons in violation of Title 18, United States Code Section 751, and respectfully request the issuance of a warrant for BROWN's arrest.